UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHITA GANGULY, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR |
| | ) JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

ISHITA GANGULY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Staten Island, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning in or around June 2011, and continuing through November 2011, Defendant and those it retained contacted Plaintiff on her home, cellular and work telephones in an attempt to collect an alleged, consumer debt.

13. Defendant contacted Plaintiff, on average, between two (2) and four (4) times a day.

14. Most recently, on November 6, 2011, Defendant contacted Plaintiff in an attempt to collect a debt.

15. In its telephone calls to Plaintiff, Defendant would make statements to Plaintiff about the consequences of her failure to pay the alleged debt, for example, stating to Plaintiff

PLAINTIFF'S COMPLAINT

that it would obtain a judgment against her.

16. Upon information and belief, Defendant contacted Plaintiff and made threatening statements to Plaintiff on a repetitive basis with the intent of harassing Plaintiff into paying the alleged debt.

17. Defendant's repetitive calls to Plaintiff were intended to be disturbing, harassing, and an invasion of privacy.

18. In its attempts to collect a debt, in addition to contacting Plaintiff, in September 2011, Defendant contacted Plaintiff's father.

19. Defendant disclosed to Plaintiff's father that it was attempting to collect a debt from Plaintiff.

20. Thereafter, on or about September 21, 2011, Defendant sent correspondence to Plaintiff, claiming that pursuant to an agreement, she was to forward *four payments* as follows: "$970.98 due by 09/21/11 and $14,900.00 due by 10/15/11." See Exhibit A, Defendant's September 21, 2011, letter to Plaintiff.

21. Defendant's September 21, 2011, correspondence was misleading and confusing to Plaintiff, as she had not agreed to any repayment of the alleged debt. See Exhibit A.

22. Further, misleading and deceiving Plaintiff, Defendant claimed that four payments were to be made; however, Defendant only listed two payments, equaling the amount of the unpaid balance, so Plaintiff was unsure what other payments she was required to make before Defendant would consider the account to be paid. See Exhibit A.

23. Desiring to stop Defendant's repetitive telephone calls and letters, on or about October 17, 2011, Plaintiff sent Defendant correspondence stating that she could pay $800.00 a month until the alleged debt had been paid. See Exhibit B, Plaintiff's October 17, 2011, letter,

to Defendant.

24. Plaintiff only authorized Defendant to debit $800.00 from a U.S. Bank account. See Exhibit B.

25. However, on October 23, 2011, Defendant, acting without Plaintiff's authorization, withdrew $15,870.98 from her U.S. Bank account.

26. On October 26, 2011, Plaintiff learned of Defendant's unauthorized withdrawal from the U.S. Bank account and sent a letter to Defendant requesting the return of the funds that it wrongly withdrew from her account. See Exhibit C, Plaintiff's October 26, 2011, letter to Defendant.

27. Defendant, however, refused to return the money to Plaintiff, desiring to cause Plaintiff to be deprived of her use and enjoyment of $15,070.98.

28. As a result, Plaintiff had to contact her bank for assistance.

29. The bank sought supporting documentation from Defendant to substantiate the electronic withdrawal of the $15,070.98 from Plaintiff's bank account; however, Defendant was unable to provide documentation to the bank showing that it had authorization to withdraw the $15,070.98 from Plaintiff's U.S. Bank account.

30. As a result, the bank reversed the withdrawal, returning the money to Plaintiff's account.

## CONSTRUCTION OF LAW

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

32.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

33.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692c(b) of the FDCPA when it communicated with another person about Plaintiff's debt;

    c. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

    d. Defendant violated §1692d(5) of the FDCPA when caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

    e. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations in connection with its attempt to collect a debt;

    f. Defendant violated §1692e(5) of the FDCPA when it threatened to take action that it did not intend to take; and

    g. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, ISHITA GANGULY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ISHITA GANGULY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 1/3/12

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Tara L. Patterson
Attorney ID No. 88343
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:     kimmel@creditlaw.com
Email:     tpatterson@creditlaw.com



**NCO Financial Systems, Inc.**
500 NORTH FRANKLIN TURNPIKE
P.O. BOX 585
RAMSEY, NJ 07446-0585
Phone
(877) 305-0429
Fax
(201) 818-0397

# FAX COVER

| TO: | ISHITA GANGULY | FROM: | BRENDON METCALFE |
|---|---|---|---|
| Fax #: | | Date: | 9/21/11 |
| Phone #: | | PGS W/Cover: | 3 |
| RE: | AMERICAN EXPRESS | KA6487 | REINSTATEMENT |

___ Urgent   ___ For Review   ___ Please Comment   ___ Please Reply   ___ Please Recycle

_____
_____
_____
_____
_____
_____
_____

*The information contained in this facsimile message is privileged and confidential. The information is intended for the use of the recipient named above only. If the reader of this is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.*

PLAINTIFF'S EXHIBIT A

# NCO℠

Mrs. Ishita Ganguly-Morrison

### Resolve Your Past Due Balance and Regain Cardmembership

Date: 9/21/2011
Re            5003

Dear Mrs. Ganguly-Morrison:

Thank you for taking the first step to resolve your outstanding balance with American Express®. **To qualify for reinstatement and regain card membership, you are required to pay in full your total outstanding balance(s) on your American Express account(s) by 10/15/2011.** If you have multiple accounts with American Express, those balances must also be paid in full before your account can be reinstated.

Once the total balance has been paid for all of your accounts and we have confirmation that the funds have cleared through your bank, American Express will reinstate your account referenced above. Please note that if you have multiple accounts with American Express, only one account is eligible for reinstatement. Additionally, the reinstated account may be subject to a spending limit and will not be eligible for an extended payment feature.

If you would like to verify your total outstanding balance or have any other questions, please contact NCO Financial Systems Inc. directly at **877-305-0429** We are available Monday to Saturday 8am – 6pm Est. to assist you.

Sincerely,
NCO Financial Systems Inc.

This communication is an attempt to collect a debt and any information obtained will be used for this purpose.

---

[1] Finance and delinquency charges may continue to accrue on accounts until the balances are paid in full.
If any of your accounts are in a bankruptcy or a pending bankruptcy status, your accounts will not be reinstated

# NCO℠

**NCO Financial Systems, Inc.**
500 N. Franklin Turnpike
PO Box 585
Ramsey, NJ 07446-0585

Office hours 8:00 a.m.- 9:00 p.m. Monday-Thursday
8:00 a.m. - 5:00 p.m. Friday
8:00 a.m.- 12:00 p.m. Saturday

September 21, 2011

Ishita Ganguly Morrison & James Morrison

Creditor: American Express
American Express Account Ending 15003
Our Reference Number: KA6487-01B
Balance: $ 15,870.98

Dear Ishita Ganguly- Morrison & James Morrison,

The current balance is $15,870.98. Pursuant to your agreement, please forward your four payments as follows: $970.98 due by 9/21/11 and $14,900.00 due by 10/15/11. Upon receipt an clearance of said funds, this account will be considered paid.

Please contact us at 877-305-0429, if you have any questions.

Please forward all payments/correspondence to: NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA 19044

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.

RAMBD2

NCO FINANCIAL SYSTEMS, Inc.

507 Prudential Road

Horsham, PA 19044

Date: 10/17/2011

Re:             5003

Additional Ref: KA6487-01B

Dear Mr. Metcalf,

Thank you for the fax you had sent to me. Under my agreement with James Morrison (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) he stated under our current situation he had agreed to 800.00 payment every month until the AMEX debt is paid off in full. If there is a way I can make additional payments to pay down the debt sooner, I will. As it stands right now I can only authorize a direct debit of 800.00 every month deducted from the US Bank account I have supplied on file.

Respectfully,

Ishita Ganguly & James M Morrison



PLAINTIFF'S EXHIBIT B

NCO FINANCIAL SYSTEMS, Inc.

507 Prudential Road

Horsham, PA 19044

Date: 10/26/2011

Re:                5003

Additional Ref: KA6487-01B

Dear Mr. Metcalf,

I had received a disturbing call from my husband James Morrison today, that you have done an unauthorized debit of the entire Amex Debt amount. I stated very clearly in the last letter that was received by NCO Financial that I could ONLY make the agreed 800.00 payment every month until the AMEX debt is paid off in full.

I also stated that if there is a way I can make additional payments to pay down the debt sooner, I will. As it stands right now I can only make payments of $800.00 every month. Please Fax a letter to my fax (424.203.3094) explaining WHY you thought me stating I could make payments of $800.00 a month as an authorization to take over $15,000 out of the account? I have already consulted with a credit attorney and have sent them all the documentation I have from you. I NEVER authorized the entire amount to be deducted from the account. I will be proceeding with legal recourse if the funds are not transferred back to the US Bank account within the next 10 banking days.

Respectfully,

Ishita Ganguly & James M Morrison



PLAINTIFF'S EXHIBIT
C